UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY L. COCKRUM and DONNA COCKRUM, husband and wife,<br><br>Plaintiff,<br><br>v.<br><br>C.H. MURPHY/CLARK-ULLMAN, INC., et. al.,<br><br>Defendant. | CASE NO. 22-cv-1515 MJP<br><br>ORDER REMANDING CASE |

This matter is before the Court on Plaintiffs' Motion to Remand (Dkt. No. 19). The Court, having reviewed the Motion, Defendants' Response (Dkt. No. 22), the Reply (Dkt. No. 24) and all supporting material and documents, GRANTS Plaintiffs' Motion, REMANDS this action back to King County Superior Court, and GRANTS Plaintiffs' request for attorney's fees and costs under 28 U.S.C. § 1447(c).

**BACKGROUND**

Plaintiff, Jeffrey Cockrum, is a seventy-seven year-old retired aluminum worker. (Motion to Remand at 2 ("Motion").) He alleges that he was exposed to asbestos during his employment with Alcoa Wenatchee Works. (Id.) Alcoa was an aluminum smelting facility that utilized rows of pots to convert raw ore into liquid aluminum. (Id. at 3.) Cockrum worked first as a laborer in the pot rooms at Alcoa and later as a laboratory technician. (Id. 2-3.) In March 2022, Cockrum was diagnosed with epithelioid mesothelioma, a type of cancer for which asbestos is only known cause. (Id. at 3.)

In June 2022, Cockrum filed this action for personal injury in King County Superior Court against seven product manufacturers, contractors, and premises owners, alleging that the named Defendants wrongfully exposed Cockrum to asbestos. (Motion at 5-6.) Cockrum named Howmet Aerospace ("Howmet"), the corporate successor to Alcoa, under the "deliberate injury" exception to workers' compensation set forth in Rev. Code. Wash. 51.24.020. (Id. at 6.) Given Cockrum's terminal illness, Cockrum's counsel moved for an expedited trial pursuant to RCW 4.44.025 on June 27, 2022. (Id,) At the outset, Cockrum did not name a Washington defendant, but later added North Coast Electrical Company, a Washington corporation that sold asbestos-containing electrical products during the time Cockrum would have been exposed. (Id.) Cockrum did so without first seeking leave of the court to file an amended complaint adding North Coast as a defendant. (Id.) Due to this procedural misstep, Howmet removed the case to the Western District of Washington under diversity jurisdiction. (Id. at 7.) Cockrum then voluntarily dismissed the federal action and filed a new case in state court, this time naming North Coast as a defendant. (Id. at 8.) Again, Howmet removed the action, this time alleging that North Coast is

a sham defendant. (See Notice of Removal (Dkt. No. 1).) Cockrum now brings this Motion to Remand.

## ANALYSIS

**A.     Legal Standard**

28 U.S.C. § 1332(a) provides for federal court jurisdiction based on diversity of citizenship. "Although an action may be removed to federal court only where there is complete diversity of citizenship. . . one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (internal quotation and citation omitted). A defendant may establish fraudulent joinder in one of two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548-49 (9th Cir. 2018) (internal citation omitted). A defendant succeeds in the second method if the defendant "shows that an individual joined in the action cannot be liable on any theory." Id.

"The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." Hunter, 582 F.3d at 1044 (internal quotation and citation omitted). This "strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity in favor of remand to state court." Id. at 1042. "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." Grancare, 889 F.3d at 548-49 (quoting Hunter, 582 F.3d at 1046). And fraudulent joinder must be proved by clear and convincing evidence. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007).

B.  **Howmet Fails to Demonstrate that There is No Possibility of Liability Against Defendant North Coast**

Howmet seeks to establish fraudulent joinder by arguing that Cockrum cannot establish a cause of action against North Coast. The tests for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent. Grancare, 889 F.3d at 549. "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." Id. Rather, the fraudulent joinder standard "is similar to the wholly insubstantial and frivolous standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." Id. The stringent standard for fraudulent joinder comports with the presumption against removal jurisdiction, under which federal courts "strictly construe the removal statute," and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Id. at 550 (internal quotation and citation omitted). Howmet fails to meet this standard.

Howmet argues that Cockrum fails to satisfy the two-prong test for asbestos exposure and related illness set forth under Washington law. In order for Cockrum to succeed on his claim, he must demonstrate that (1) he was exposed to asbestos from a particular defendant's product; and (2) that such exposure was a substantial factor in the development of an asbestos-related injury. Lockwood v. AC&S, Inc., 109 Wn.2d 235, 247-48 (1987). Howmet argues that Cockrum cannot demonstrate that he was exposed to asbestos from a North Coast product. (Response at 11.) In support of this argument, Howmet points to Cockrum's deposition, during which he failed to identify North Coast as the manufacturer or supplier of any products that he worked with or around. (Id. at 12.) Howmet also argues that Cockrum's remaining evidence is circumstantial. (Id. at 13.)

Turning first to Cockrum's failure to identify North Coast during his deposition, Howmet's argument relies primarily on Lockwood for the contention that Cockrum must prove

he was exposed to asbestos fibers from a product manufactured or supplied by North Coast. (Response at 12.) But Howmet seems to conflate this to mean that Cockrum must do so through his own testimony. That is not the standard. Rather, the court in Lockwood discussed potential issues with a plaintiff's ability to recall specific manufacturers given the long latency period of asbestos. Lockwood, 109 Wn.2d at 246. The court held that "a plaintiff may rely on the testimony of witnesses who identify manufacturers of asbestos products which were then present at his workplace." Id. at 247. Howmet's argument that Cockrum's failure to identify North Coast during his deposition means that North Coast was added as a sham defendant is inapposite. This is underscored by Howmet's failure to identify any other case law or support for its contention. Howmet simply sets forth the standard for what Cockrum would need to prove at trial, or potentially at a summary judgment stage, and then concludes that since Cockrum failed to have the requisite knowledge and evidence during his deposition that his claims against North Coast must fail. At this stage, where the Court looks at every legal theory and factual possibility available, it is possible that Cockrum can demonstrate North Coast supplied products to Alcoa through a means other than his own testimony.

With regard to the circumstantial evidence, the very fact that circumstantial evidence exists suggests that joinder is not fraudulent. Howmet argues that the circumstantial evidence is not persuasive, and seemingly asks the Court to consider evidence under a summary judgement standard. Ordinarily, courts do not consider defenses on the merits of a claim in determining whether joinder was fraudulent. Hunter, 582 F.3d at 1045; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1319 (9th Cir. 1998). "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state

1 | defendant" and a court's "inability to make the requisite decision in a summary manner itself
2 | point to an inability of the removing party to carry its burden." Hunter, 582 F.3d at 1044.

3 |     Here, Howmet argues that its records show limited sales to Alcoa by North Coast, with
4 | only one item that may have contained asbestos. (Response at 14.) Howmet further claims that
5 | because Cockrum's counsel previously sued North Coast in another case involving Alcoa,
6 | Cockrum's counsel should have conducted sufficient discovery during that case to know the
7 | scope of the products supplied by North Coast to Alcoa. (Id.) Taking the logical inference of this,
8 | Howmet appears to be asking the Court to find that Cockrum is factually and legally unable to
9 | state a claim based on Howmet's records, records that may or may not be disputed or complete,
10 | and the fact that Cockrum's counsel has previously sued North Coast. The Court is unwilling to
11 | do this. Not only are these arguments hardly discrete and involve undisputed facts that would
12 | warrant a summary inquiry, but they completely fail to establish by clear and convincing
13 | evidence that Cockrum cannot state a claim. By Howmet's own admission, North Coast supplied
14 | products to Alcoa, and at least one of these products may have contained asbestos. This in itself
15 | demonstrates the existence of a possible claim against North Coast.

16 |     For the second prong of the test, Howmet argues that Cockrum cannot satisfy the burden
17 | of causation. (Response at 15.) Howmet argues that Cockrum's circumstantial evidence falls
18 | short of placing asbestos-containing products in the spaces where Cockrum worked. (Id. at 16.)
19 | This argument places the burden on Cockrum to demonstrate that sufficient evidence exists to
20 | make a successful claim against North Coast. Again, Howmet conflates the standard to be
21 | applied at this stage. Rather, it is Howmet that fails to meet its burden to demonstrate by clear
22 | and convincing evidence that Cockrum cannot make a claim against North Coast on any theory.
23 | And Howmet's summary judgment argument again does not involve discrete and undisputed
24 |

facts, but instead deals with evidence that may or may not be discoverable once the parties reach that phase. Because Howmet has failed to demonstrate by clear and convincing evidence that Cockrum cannot state a claim against North Coast on any legal theory, Howmet's argument that joinder is fraudulent fails.

Because the Court finds that North Coast is not a sham defendant, it GRANTS the Motion to Remand and REMANDS this matter to King County Superior Court.

**C.      Sanctions**

Plaintiffs ask the Court to award fees and costs for their efforts in obtaining a remand of this case to King County Superior Court. The Court agrees.

Under 28 U.S.C. § 1446(c), the Court's "order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005). Here, the Court finds that Howmet lacked an objectively reasonable basis for seeking removal. Howmet's removal was predicated on Cockrum's deposition and the fact that in a previous case involving Alcoa and North Coast, the court granted summary judgment in favor of North Coast. (See Notice of Removal ¶¶ 10-12 (Dkt. No. 1).) Neither of these have any bearing on demonstrating fraudulent joinder. First, Washington law clearly provides alternative avenues for Cockrum to demonstrate North Coast sold asbestos products other than through his own deposition. And second, what happened in a prior case with a different plaintiff is irrelevant. See Blonder-Tongue Laboratories, Inc. v. University of Ill. Found., 402 U.S. 313, 323-324 (1971) (noting that res judicata requires the same parties). Though it may be that North Coast later succeeds in a motion to dismiss or a

motion for summary judgment, those are not the standards to be applied for fraudulent joinder. Howmet's counsel's refusal to acknowledge the standards for fraudulent joinder underscore their unreasonableness in removing the action. Howmet's brief repeatedly attempts to place the burden on Cockrum to demonstrate sufficient evidence exists that would make their claim successful. What supporting evidence Howmet did put forward was minimal and involved evidence that would become available during discovery. And its argument that Cockrum's counsel should have such evidence from prior discovery in a previous case is absurd. Howmet makes no attempt to meet its burden to demonstrate fraudulent joinder by clear and convincing evidence. Because of this, Howmet's actions were objectively unreasonable. Costs and fees are properly awarded under 28 U.S.C. § 1447(c).

The Court GRANTS Plaintiffs' request for attorney's fees and costs. Plaintiffs are ORDERED to submit a declaration(s) and supporting records sufficient to show counsel's hourly rates, the hours reasonably expended, and the costs incurred in obtaining remand of this matter. Plaintiffs shall do so within 10 days of entry of this Order.

## CONCLUSION

The Court finds that there is no diversity jurisdiction in this matter. When Howmet removed this matter, Cockrum had properly added North Coast as a defendant. There was no right to removal and doing so was objectively unreasonable. The Court therefore GRANTS the Motion, REMANDS this matter to King County Superior Court, and GRANTS Plaintiffs' request for attorney's fees and costs. Within ten days of this Order, Plaintiffs shall file the requested materials necessary for the Court to set the proper award of attorney's fees and costs.

//

//

1	The clerk is ordered to provide copies of this order to all counsel.

2	Dated December 20, 2022.

		Marsha J. Pechman
		United States Senior District Judge