UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COCKRUM et al., <br><br> Plaintiff, <br><br> v. <br><br> C H MURPHY/CLARK-ULLMAN INC. et al., <br><br> Defendant. | CASE NO. 2:22-cv-1515 <br><br> ORDER ON ATTORNEYS' FEES |

This matter comes before the Court on Plaintiffs' Motion to Remand (Dkt. No. 19) and the Court's Order Remanding the Case (Dkt. No. 26). The Court granted the Motion, remanded this matter, and awarded attorneys' fees and costs subject to further information from Plaintiffs in support of that request. Plaintiffs have submitted declarations from counsel attesting to the time spent litigating the remand issue and the requested hourly rates. (Declarations of Justin Olson and Matthew P. Bergman (Dkt. Nos. 27, 28).) Olson's Declaration states that he spent thirteen hours on Plaintiffs' Motion for Remand and six hours on the Reply. (Olson Decl. at 2-3.)

1  Bergman's Declaration claims he spent seven and a half hours total on the issue of remand.
2  (Bergman Decl. at 2-3.)

3  In determining what attorneys' fees are reasonable in a particular case, the court arrives at
4  the "lodestar amount," that is, multiplying the number of hours reasonable expended by a
5  reasonable hourly rate. Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). In
6  deciding the number of hours "reasonably expended," the Court considers whether the time spent
7  on the matter was "excessive, redundant, or otherwise unnecessary." Hensley v. Eckhart, 461
8  U.S. 424, 434 (1983). The request attorney "should submit evidence supporting the hours
9  worked and rates claimed" to enable this determination. Id. at 433. "Illegible, abbreviated time
10 records, submitted in a form not reasonably capable of evaluation, do not satisfy the burden of
11 submitted detailed time records justifying the hours claimed. Stewart v. Gates, 987 F.2d 1450,
12 1453 (9th Cir. 1993) (internal citation and quotation omitted).

13 Here, the declarations do not provide documentation of the hours spent litigating the
14 issue. Each attorney simply states how long they spent working on each brief. This is
15 insufficient. Though Olson provided a copy of Plaintiff's Bill of Attorney's Fees and Costs for a
16 previous case, this is irrelevant to the hours spent in this case. And any prior ruling by the Court
17 is not dispositive of the Court's outcome in this case. The Court therefore DENIES Plaintiffs'
18 request for attorneys' fees without prejudice. Plaintiffs may resubmit declarations from counsel
19 that provide adequate documentation of the time spent on the issue of remand and as well as the
20 reasonableness of the hourly rates for the Court to consider.

21 //
22 //
23 //
24

The clerk is ordered to provide copies of this order to all counsel.

Dated January 17, 2023.

Marsha J. Pechman
United States Senior District Judge