UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY L. COCKRUM and DONNA COCKRUM, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>C.H. MURPHY/CLARK-ULLMAN LLC, INC., et al.,<br><br>Defendants. | CASE NO. 22-cv-1515<br><br>ORDER ON ATTORNEYS' FEES |

This matter comes before the Court on Plaintiffs' Motion to Remand (Dkt. No. 19), the Court's Order Remanding the Case (Dkt. No. 26), and the Court's Order on Attorneys' Fees (Dkt. No. 30). Following an issue with the initial declarations, Plaintiffs' attorneys have resubmitted declarations attesting to the amount of attorneys' fees. The Court, having reviewed the declarations, and all supporting material, GRANTS Plaintiffs' Request for Attorneys' fees.

## BACKGROUND

Plaintiffs Jeffrey and Donna Cockrum brought an action for personal injury due to asbestos exposure in King County Superior Court. Defendants removed to this Court and Plaintiffs made a motion to remand. The Court granted Plaintiffs' motion and awarded attorneys' fees and costs subject to further information from Plaintiffs in support of that request. Plaintiffs previously submitted declarations from counsel attesting to the time spent litigating the remand issue, but the Court found those declarations to be insufficient for a determination of the lodestar amount. The Court denied Plaintiffs' request for attorneys' fees without prejudice so that Plaintiffs may resubmit declarations from counsel that provide adequate documentation. Plaintiffs' counsel has since filed Second Declarations (Dkt. Nos. 31, 32) for the Court to consider.

## ANALYSIS

To set the fee award, the Court begins by calculating a lodestar "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000) (citing Hensley v. Eckerhart, 461 U.S. 424, 429 (1983); see Ewing v. Glogowski, 198 Wn. App. 515, 521 (2017) (accord under Washington law). Under federal law, the Court determines the hourly rate by considering the "evidence produced by the parties, including fee rates of other attorneys in similar practices, awards in comparable cases, counsel's experience and reputation level, and the market rates, as well as two additional Kerr factors: the novelty/difficulty of the issues and the preclusion of other work." Dang v. Cross, 422 F.3d 800, 814 (9th Cir. 2005).

In deciding the number of hours "reasonably expended," the Court considers whether the time spent on the matter was "excessive, redundant, or otherwise unnecessary." Hensley, 461

1  U.S. at 434. The requesting attorney "must provide reasonable documentation of the work
2  performed" to enable this determination. Bowers v. Transamerica Title Ins. Co., 100 Wn.2d 581,
3  597 (1983); Hensley, 461 U.S. at 433 (accord). "This documentation need not be exhaustive or in
4  minute detail, but must inform the court, in addition to the number of hours worked, of the type
5  of work performed and the category of attorney who performed the work (i.e., senior partner,
6  associate, etc.)." Bowers, 100 Wn.2d at 597 (1983). "Illegible, abbreviated time records,
7  submitted in a form not reasonably capable of evaluation, do not satisfy the burden of submitting
8  detailed time records justifying the hours claimed." Stewart v. Gates, 987 F.2d 1450, 1453 (9th
9  Cir. 1993) (citation and quotation omitted).

**A.  Hourly Rates**

Plaintiffs ask for approval of an hourly rate of $350 an hour for Attorney Justin Olson and $650 an hour for Attorney Matthew Bergman. Olson has been practicing since 2016 and has worked with the same firm and in the same area of law, which includes asbestos litigation, since 2017. (Second Supplemental Declaration of Justin Olson at ¶ 2 (Dkt. No. 31).) Bergman has been practicing since 1991 and has been focusing on asbestos disease liability since 1995. (Second Supplemental Declaration of Matthew Bergman at ¶ 2 (Dkt. No. 32).) Though neither attorney typically bills at an hourly rate, Plaintiffs' attorneys have submitted prior court orders that award the same fee for similar cases, as well as declarations of attorneys with similar levels of experience who charge similar amounts. (See Olson Decl. Exhibits 4, 6, 7, 8.) The Court finds these hourly rates appropriately reflect the skill of counsel and the quality of work performed in successfully obtaining remand.

**B.      Hours Expended**

The Court next assesses the reasonable number of hours spent litigating this matter. Olson avers that he spent 19 hours preparing and drafting the motion to remand and the reply. (Olson Decl. ¶¶ 10-16.) Bergman states he spent a total of 7.5 hours on the litigation. (Bergman Decl. ¶¶ 7-10.) The Court finds that the number of hours expended by each attorney is reasonable.

**CONCLUSION**

Based on the records provided by counsel, the Court finds that the requested rates and hours expended are reasonable. The lodestar amount for Olson is $6,650 ($350 multiplied by 19), while the lodestar amount for Bergman is $4,875 ($650 multiplied by 7.5). The Court therefore AWARDS $11,525.00 for Plaintiffs' attorneys fees. Defendants must pay these fees within 30 days of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated March 8, 2023.

Marsha J. Pechman
United States Senior District Judge